UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE M. RIGGI, individually and by and through his Guardian ad Litem, JAMES M. RIGGI; ESTATE OF LINDA CAROL CLARK, by and through her Successor-in-Interest, CHASE M. RIGGI, by and through his Guardian ad Litem, JAMES M. RIGGI; MARTY HANSEN; and JOAN BEATRICE LEWIS,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF PLACERVILLE; CITY OF PLACERVILLE POLICE DEPARTMENT; CITY OF PLACERVILLE POLICEMAN NICOLAS MAURER; PLACERVILLE POLICE CHIEF GEORGE NIELSEN; EL DORADO COUNTY; EL DORADO COUNTY EMERGENCY SERVICES DISTRICT; EL DORADO COUNTY DEPARTMENT OF MENTAL HEALTH; MARSHALL MEDICAL CENTER; and DOES 1 through 20, inclusive,<br><br>        Defendants. | No. 2:11-cv-00753-MCE-DAD<br><br><br><br><br><br><br><br><br><br><br><u>MEMORANDUM and ORDER</u> |

----oo0oo----

///

///

1

1    Through this action, The Chase M. Riggi, Marty Hansen, Joan
2 Beatrice, and the Estate of Linda Carol Clark ("Plaintiffs") seek
3 redress for the alleged wrongful death of Linda Carol Clark.  In
4 addition to claims for wrongful death, Plaintiffs assert several
5 survival causes of action proceeding as decedent's successor-in-
6 interest.  Plaintiffs have filed the requisite declaration to
7 bring a survival action pursuant to California Civil Procedure
8 Code § 377.32.  However, the declaration did not fully comply
9 with the requirements of § 377.32.  As a result, Plaintiffs lack
10 standing to assert a survival action.
11   It is fundamental that federal courts are courts of limited
12 jurisdiction.  <u>Vacek v. United States Postal Serv.</u>, 447 F.3d
13 1141, 1145 (9th Cir. 2006).  Regardless of whether the issue is
14 raised by the parties, federal courts are required to consider
15 jurisdictional issues such as standing.  <u>Bernhardt v. County of
16 Los Angeles</u>, 279 F.3d 862, 868 (9th Cir. 2002).  As a result, a
17 district court may dismiss a claim sua sponte for lack of
18 standing.  <u>Id.</u>
19   The party bringing a survival action has the burden to show
20 that a particular state law authorizes the action, and that the
21 plaintiff meets the statutory requirements.  <u>Hayes v. County of
22 San Diego</u>, No. 09-55644, 2011 WL 982472, at *2 (9th Cir. Mar. 22,
23 2011).  California Civil Procedure Code § 377.32 requires that a
24 plaintiff bringing a survival action file a declaration or
25 affidavit under penalty of perjury.  <u>Id.</u> at *3.  As part of the
26 required declaration, plaintiff must state the date and place of
27 the decedent's death. Cal. Civ. Proc. Code § 377.32(a)(2).
28 ///

1  A certified copy of the decedent's death certificate must also be
2  attached to the declaration.  Cal. Civ. Proc. Code § 377.32(c).
3  Compliance with the requirements of § 377.32 is a prerequisite
4  for standing to bring a survival action in federal court.  <u>Hayes</u>,
5  2011 WL 982472, at *3.
6       In the instant case, Plaintiffs filed a declaration, but did
7  not fully comply with the statutory requirements.  Specifically,
8  Plaintiffs did not include a declaration of the place of
9  decedent's death as required by § 377.32(a)(2).  Further, a
10 certified copy of decedent's death certificate is not attached to
11 the declaration as required by § 377.32(c).  Because Plaintiff's
12 declaration is defective, Plaintiffs lack standing to bring a
13 survival action.  As a result, the Court must dismiss the
14 survival causes of action.
15      Based on the foregoing, Plaintiffs' survival causes of
16 action are hereby DISMISSED without prejudice.  Plaintiffs may
17 file an amended complaint and declaration within twenty (20) days
18 of the electronic filing of this order.  If an amended complaint
19 and declaration are not filed within said twenty (20)-day period,
20 Plaintiffs' survival causes of action will be dismissed with
21 prejudice and without further notice to the parties.
22      IT IS SO ORDERED.

Dated: April 14, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3