UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHASE M. RIGGI, et al., | No. 2:11-cv-00753-MCE-DAD |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| CITY OF PLACERVILLE; et al., | |
| Defendants. | |

Through this action, Plaintiffs Chase M. Riggi, Marty Hansen, Joan Beatrice, and the Estate of Linda Carol Clark (collectively "Plaintiffs") seek to recover from Defendants City of Placerville, Placerville Police Department, City of Placerville Policeman Nicolas Maurer, Placerville Police Chief George Nielsen, El Dorado County, El Dorado County Emergency Services District, El Dorado County Department of Mental Health,[1] and Marshall Medical Center (collectively "Defendants") for injuries sustained as a result of the shooting death of Ms. Clark.

---

[1] El Dorado County, including the El Dorado County Department of Mental Health, have since been dismissed from this action. See Stipulation and Order (ECF No. 36).

1

Presently before the Court is Defendant El Dorado County Emergency Services District's ("the District") Motion to Dismiss Plaintiffs' fourth cause of action for wrongful death due to negligence and negligence per se and fifth cause of action for violation of 42 U.S.C. § 1983.  For the following reasons, the District's Motion is GRANTED in part and DENIED in part.[2]

## BACKGROUND[3]

On, March 27, 2010, Ms. Clark was involuntarily detained at the El Dorado County Mental Health Facility pursuant to California Welfare & Institutions Code § 5150 because she was deemed disabled and a danger to herself.  Later that evening, Ms. Clark was taken to the Marshall Medical Center in Placerville, California, for medical evaluation and treatment. Mid-morning the following day, Ms. Clark walked out of her room and down a hallway to the ambulance bay, found an unlocked ambulance with the keys in plain view, climbed in, and drove away.  Medical Center staff called 911 to report the ambulance stolen, after which City of Placerville police pursued and eventually stopped the vehicle.  Ms. Clark refused to surrender and was subsequently shot and killed.

///

///

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

[3] The following facts are derived from Plaintiffs' First Amended Complaint ("FAC").

2

Plaintiffs assert a variety of causes of action against the various Defendants, only two of which, the fourth claim for negligence and negligence per se and the fifth claim for violation of § 1983, are directed at the District. The District now moves to dismiss each of those causes of action.

**STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the [...] claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).

///
///
///

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs... have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

///
///

4

1  A court granting a motion to dismiss a complaint must then
2 decide whether to grant leave to amend.  Leave to amend should be
3 "freely given" where there is no "undue delay, bad faith or
4 dilatory motive on the part of the movant,...undue prejudice to
5 the opposing party by virtue of allowance of the amendment, [or]
6 futility of the amendment...."  Foman v. Davis, 371 U.S. 178, 182
7 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,
8 1052 (9th Cir. 2003) (listing the Foman factors as those to be
9 considered when deciding whether to grant leave to amend).  Not
10 all of these factors merit equal weight.  Rather, "the
11 consideration of prejudice to the opposing party...carries the
12 greatest weight."  Eminence Capital, 316 F.3d at 1052 (citing DCD
13 Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).
14 Dismissal without leave to amend is proper only if it is clear
15 that "the complaint could not be saved by any amendment."  Intri-
16 Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir.
17 2007) (internal citations and quotations omitted).

### ANALYSIS

**A. Plaintiffs Have Adequately Pled The District Owed A Legal Duty To Exercise Reasonable Care To Protect Ms. Clark.**

According to the District, Plaintiffs' negligence cause of action must be dismissed because the District owed no duty to Ms. Clark or the Plaintiffs as a matter of law.  To prevail in an action for negligence under California law, a plaintiff must demonstrate that the defendant:

1) owed a duty to the plaintiff; 2) breached that duty; and 3) the breach proximately caused the plaintiff's injuries.[5] Minnesota Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 981 (9th Cir. 1999); John B. v. Superior Court, 38 Cal. 4th 1177, 1188 (2006). The existence of a legal duty is a question of law that is informed by policy considerations and foreseeability concerns. Delgado v. Trax Bar & Grill, 36 Cal. 4th 224, 237 (2005); Rowland v. Christian, 69 Cal. 2d 108 (1968).

In this case, the District claims that, pursuant to the rule articulated by the California Supreme Court in Richards v. Stanley, 43 Cal. 2d 60 (1954), it owed no duty to protect Ms. Clark. In Richards, a thief absconded with the defendants' car, which defendants had left on the street with the ignition key visible in the lock. The thief subsequently struck and injured the plaintiff, who was driving his motorcycle, and that plaintiff filed a negligence action against the defendant vehicle owners to recover for her injuries. According to the Richards court, the defendants there owed no duty "to protect plaintiff from the negligent driving of a thief." Id. at 66. The District thus analogizes to Richards here, arguing it likewise owed no duty to Ms. Clark because the District "could not have reasonably foreseen that Linda Carol Clark would steal the ambulance, be chased by police officers, and be shot and killed during her attempted escape." Mot. to Dismiss, 6:4-6.

---

[5] The District also challenges Plaintiffs' negligence per se cause of action. Because "negligence per se" is not an independent cause of action, no such claim can be stated and the District's Motion to Dismiss is therefore granted without leave to amend. See Sanwal v. County of Sacramento, 2011 WL 2559388 *7-8 n.9 (E.D. Cal.).

6

1    The Richards rule, however, does not provide an absolute
2 shield from liability.  To the contrary, that court recognized a
3 duty to protect others by taking steps to prevent a vehicle theft
4 may nonetheless exist under "special circumstances."  See 43 Cal.
5 2d at 66.  Such circumstances have since been found to include
6 situations in which heavy vehicles are left unattended and
7 available for use by those creating mischief or not accustomed to
8 their operations.  See Palma v. U.S. Industrial Fasteners, Inc.,
9 36 Cal. 3d 171 (1984) (finding a triable issue of fact as to
10 existence of a duty when a large commercial truck left unlocked
11 with the keys in it overnight in a high crime industrial area was
12 stolen and subsequently struck and injured plaintiff);
13 Hergenrether v. East, 61 Cal. 2d 440 (1964) (duty found when two-
14 ton truck left for an extended period of time "in a neighborhood
15 which was frequented by persons who had little respect for the
16 law and the rights of others" was stolen and involved in a
17 collision with plaintiffs causing them serious injury);
18 Richardson v. Ham, 44 Cal. 2d 772 (1955) (duty found when
19 unsecured bulldozer was stolen by intoxicated youths who operated
20 the machine so as to cause plaintiffs property damage and
21 personal injury).
22    Plaintiffs thus argue that the instant facts present
23 "special circumstances" warranting a finding of a duty here.
24 More specifically, Plaintiffs contend that "special
25 circumstances" exist in this case because: 1) the area where the
26 ambulance was left is populated by persons who are mentally ill,
27 persons who are medicated and prisoners taken to the hospital for
28 treatment; and 2) an ambulance is a large vehicle capable of

1 inflicting serious injury.  Opposition, 9:24-10:6.  In reply, the
2 District argues that no special circumstances can be found
3 because: 1) operation of an ambulance is more similar to
4 operation of a car than operation of a bulldozer or other heavy
5 vehicle; and 2) the ambulance was not parked in a high crime
6 area.  Reply, 4:21-5:4.

7 The District's arguments are unavailing because Richards and
8 its progeny do not stand for the proposition that difficulty of
9 operation and high crime locales are necessary prerequisites to a
10 finding of special circumstances.  To the contrary, "each case
11 must be considered on its own facts to determine whether the
12 joint effect of them in toto justifies the conclusion that the
13 foreseeable risk of harm imposed is unreasonable." Hergenrether,
14 61 Cal. 2d at 445.

15 Accordingly, because the existence of a duty in this case,
16 though a question for the Court, turns on the relevant facts,
17 dismissal at this early stage in the proceedings would be
18 improper.  Indeed, Plaintiffs here have alleged that keys were
19 left in plain view in a vehicle that itself draws attention but
20 that few are accustomed to operating in front of a hospital where
21 many patients, Ms. Clark included, were being housed for mental
22 health issues.  Plaintiffs' allegations are therefore sufficient
23 to convince this Court that, at the pleading stage, their claim
24 falls within the ambit of the above cases in which courts have
25 found special circumstances warranting the finding of a duty.
26 Defendant's Motion to Dismiss Plaintiffs' negligence claim is
27 therefore DENIED.
28 ///

1  **B.     Plaintiffs Have Failed To Adequately Plead A Claim For Violation Of 42 U.S.C. § 1983.**

Plaintiffs also claim the District is liable for damages pursuant to 42 U.S.C. § 1983. Liability can be imposed on a municipality under § 1983 if: (1) an employee violated the plaintiff's constitutional rights; (2) the municipality has customs or policies that amount to deliberate indifference to those rights; and (3) those customs or policies were the moving force behind the violation of the employee's constitutional rights. Gibson v. County of Washoe, 290 F.3d 1175, 1193-94 (9th Cir. 2002). Defendant's Motion to Dismiss this claim is well-taken because Plaintiffs fail to allege which of their constitutional rights were violated or how the District's deliberate indifference was the moving force behind any such violation. In addition, given their lack of opposition to the District's argument as to this claim, Plaintiffs appear to tacitly admit that their FAC is deficient. Accordingly, the District's Motion to Dismiss Plaintiffs' fifth cause of action for violation of 28 U.S.C. § 1983 is GRANTED with leave to amend.

**CONCLUSION**

For the reasons just stated the District's Motion to Dismiss (ECF No. 22) is DENIED as to Plaintiffs' fourth cause of action for wrongful death due to negligence, GRANTED without leave to amend as to Plaintiffs' attempt to state an independent cause of action for negligence per se, and GRANTED with leave to amend as to Plaintiffs' fifth cause of action for violations of 42 U.S.C. § 1983.

1  Not later than twenty (20) days following the date this
2  Memorandum and Order is electronically filed, Plaintiffs may (but
3  is not required to) file a Second Amended Complaint.  If no
4  amended complaint is filed within said twenty (20)-day period,
5  without further notice to the parties, those causes of action
6  dismissed by virtue of this Order will be deemed dismissed with
7  prejudice.
8      IT IS SO ORDERED.
9  Dated: August 5, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE